IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned On Briefs November 1, 2011

## CALVIN LANDERS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 05-03748       John Fowlkes, Jr., Judge**

**No.  W2010-01733-CCA-R3-PC  - Filed February 10, 2012**

Petitioner, Calvin Landers, was convicted by a jury of rape of a child and sentenced to twenty years.  His conviction and sentence were affirmed on direct appeal. *State v. Calvin Landers*, No. W2007-CCA-R3-CD, 2008 WL 2901603 (Tenn. Crim. App., at Jackson, Jul. 25, 2008), *perm. app. denied*, (Tenn. Jan. 20, 2009).  Petitioner filed a timely petition for post-conviction relief on the basis of ineffective assistance of counsel.  Petitioner also asserted that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004)[1], that his conviction was based on evidence obtained pursuant to an unlawful arrest, that his conviction was based on evidence obtained pursuant to an unlawful search, and that there was a "fatal variance" between the indictment and the proof.  After a hearing, the post-conviction court denied relief. Petitioner appealed.  After a thorough review, we determine that Petitioner has failed to show by clear and convincing evidence that he is entitled to post-conviction relief where the proof showed that trial counsel made a tactical decision to forego a motion to suppress; met with Petitioner at least ten times prior to trial; and was given the opportunity to cross-examine witnesses.   Moreover, Petitioner did not raise his issue with regard to exhibits in the petition for post-conviction relief so it cannot be raised on appeal. Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

Ebony N. Dawkins, Memphis, Tennessee, for the appellant, Calvin Landers.

---

[1]This issue was not raised on appeal from the denial of post-conviction relief.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; William L. Gibbons, District Attorney General; and Theresa McClusky, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

Petitioner was indicted in Shelby County for one count of rape of a child in June of 2005. At trial, Petitioner's conviction was based on proof that he raped his eleven-year-old great niece. According to the opinion by this Court on direct appeal Petitioner "made [the victim] 'suck his private part and told [her] to lay in bed and he stuck his thing in [her].'" *Id*. at *1. A physical examination of the victim "revealed a laceration in the posterior joining of the victim's labia" that was "indicative of penetration." A swab was taken from the victim's breast which contained DNA that matched the defendant's DNA obtained from a buccal swab. *Id*. at *2. Petitioner testified at trial that he did not rape the victim. He did admit on cross-examination that "his saliva may have been found on the victim's breast." *Id*. Petitioner claimed that the victim came into his room and said, "Here Uncle Calvin lick my titty," and he complied. *Id*. Petitioner also claimed that he saw the victim "take her finger and injure herself." *Id*. On appeal to this Court, the conviction and sentence were affirmed. *Id*. Petitioner unsuccessfully sought an appeal to the supreme court.

Petitioner then filed a timely petition for post-conviction relief. In the petition, Petitioner argued that: (1) the conviction was based on evidence obtained during an unlawful search; (2) the conviction was based on evidence obtained during an unlawful arrest; (3) he received ineffective assistance of counsel; (4) Petitioner was prevented from confronting the witnesses against him; and (5) the jury did not find him guilty of all the elements of the crime for which he was convicted.

The post-conviction court held a hearing on the petition. At the hearing, Petitioner testified that he was "locked up" in January of 2005 and did not meet trial counsel until July of 2005. His trial took place in January of 2007. Petitioner claimed that he never talked with trial counsel about the case. Petitioner mailed a letter asking trial counsel to file a motion to suppress the evidence that was taken during a warrantless search. Petitioner stated that he never got a response from trial counsel. At one point, Petitioner even sent a letter to the Board of Professional Responsibility to complain about trial counsel. Petitioner sent several other things through the mail to trial counsel and alleged that he did not receive a response.

On cross-examination, Petitioner admitted that he got a discovery package from trial counsel. Additionally, there were ten to twelve court dates from the time Petitioner was

incarcerated to his trial date. Petitioner stated that he testified at trial and was aware that his DNA was found on the victim's skin.

Petitioner complained that during the trial, the trial court closed the courtroom. Petitioner alleged that this violated his constitutional rights. Additionally, Petitioner complained that he was not given the opportunity to confront the person that accused him of rape. Further, Petitioner claimed that three of the witnesses committed perjury and conspired against him at trial.

Trial counsel testified at the hearing. At the time, she had worked for the Public Defender's office for approximately twenty years, mostly in criminal defense. Trial counsel recalled sending discovery materials to Petitioner as well as a copy of the indictment. Trial counsel recalled that the State dismissed a charge for aggravated sexual battery prior to trial. Trial counsel testified that the State offered Petitioner a fifteen-year sentence on the rape of a child charge and that this offer was communicated to Petitioner. Trial counsel also recalled an offer of eight years. Petitioner declined these offers and insisted on going to trial.

Trial counsel testified that she appeared in court on Petitioner's behalf at least nine or ten times prior to trial. She estimated the Petitioner was present at least half of these appearances. On most of the occasions, trial counsel took the time to talk to Petitioner about his case. Specifically, she recalled discussing the difference between an arrest warrant and an indictment. She described Petitioner as "fixated" on getting his personal property back from the Collierville Police Department. Additionally, Petitioner expressed concern over the arrest warrant. Trial counsel explained to Petitioner that any defects with the arrest warrant were basically cured by the Grand Jury's return of an indictment.

Trial counsel specifically recalled a conversation with Petitioner wherein she explained that she was not going to file a motion to suppress. Trial counsel did not feel that there were grounds for the motion. Trial counsel explained sentencing to Petitioner prior to trial and discussed the proof the State would put on at trial. After receiving the DNA report, trial counsel discussed the issue "repeatedly," hoping to get an explanation from Petitioner as to how his DNA got onto the victim's breasts. Petitioner did not give her an explanation prior to trial. Up to that point, he adamantly denied any improper contact with the victim. On the stand, Petitioner admitted he sucked the victim's breasts.

Trial counsel went to the jail at least two times prior to trial to prepare Petitioner to testify. They also discussed the case in the back of the courtroom.

At the conclusion of the hearing, the post-conviction court took the matter under advisement. In an order denying the petition for post-conviction relief, the post-conviction

court determined that Petitioner was not entitled to relief. Specifically, with regard to Petitioner's complaint about the arrest warrant and unlawful search and seizure, the post-conviction court noted that Petitioner did not submit any warrants, affidavits, or documentation to support his claim. Further, the grand jury ultimately returned an indictment, curing any complaints about the arrest. The post-conviction court determined that Petitioner was not entitled to relief based upon ineffective assistance of counsel after hearing and accrediting the testimony of trial counsel, who testified that she and Petitioner met multiple times prior to trial, discussing discovery, plea deals, and proposed testimony. Finally, the post-conviction court determined that Petitioner was not denied the right to confront witnesses against him. As a result, the petition for relief was denied.

Petitioner appeals, arguing that the post-conviction court improperly denied relief.

*Post-Conviction Standard of Review*

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Shields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*Ineffective Assistance of Counsel*

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or

resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

On appeal, Petitioner complains that the post-conviction court improperly denied his petition for post-conviction relief. Specifically, Petitioner argues that he received ineffective assistance of counsel because counsel: (1) did not communicate with him about his case; (2) failed to file a motion to suppress; and (3) failed to properly investigate his case. Petitioner also alleges that he is entitled to post-conviction relief because he was denied the right to confront his accusers at trial and the post-conviction court did not consider exhibits that were "available for presentation to the post-conviction court."

The record supports the conclusions of the post-conviction court. With regard to pretrial motions, the record shows that trial counsel considered filing a motion to suppress at the request of Petitioner but that the motion was unwarranted. The post-conviction court found the testimony of trial counsel to be credible. The post-conviction court determined that the decision to forgo a motion to suppress was a tactical decision made by trial counsel after preparation for the case. Again, we will not second-guess a reasonably-based trial strategy that is made after adequate preparation for the case. *Adkins*, 911 S.W.2d at 347; *Cooper*, 847 S.W.2d at 528. Further, Petitioner has failed to show that the motion to suppress would have been granted or that there is a reasonable probability that the proceedings would have concluded differently had counsel performed the suggested task. *Vaughn v. State*, 202 S.W.3d 106, 120 (Tenn. 2006) (citing *Strickland*, 466 U.S. at 687). The evidence does not preponderate against the determination of the post-conviction court.

Petitioner next claims that trial counsel failed to meet with him regularly and adequately investigate the case. The record does not support this claim. In other words, the evidence does not preponderate against the post-conviction court's determination that trial counsel rendered effective assistance of counsel in her preparation of the case for trial. The evidence indicated that trial counsel met with Petitioner about ten times after discovery was sent to him at jail. She regularly discussed the case with Petitioner at pretrial hearings. As stated above, the post-conviction court accredited trial counsel's testimony. Petitioner is not entitled to relief on this issue.

Next, Petitioner alleged that he was denied the right to confront his accusers. The post-conviction court determined that Petitioner was afforded the opportunity to cross-examine all witnesses that the State called at trial. The record supports this conclusion. Petitioner is not entitled to relief on this issue. Moreover, because the issue could have been presented on direct appeal, it is waived. T.C.A. § 40-30-106(g).

Finally, Petitioner claims that the trial court did not properly consider exhibits that were "available for presentation to the post-conviction court." He requests leave to present these "supporting exhibits" for reconsideration of his claims. This specific issue was not raised during the post-conviction hearing. Issues not raised at the post-conviction hearing may not be raised for the first time on appeal. *See Cone v. State*, 747 S.W.2d 353, 356 (Tenn. Crim. App. 1987). Thus, Petitioner is not entitled to relief on this issue.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE

-6-